UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEMETRIUS BLAKES,

                Plaintiff,

v.                                          Case No. 19-cv-109-pp

MILWAUKEE COUNTY SHERIFF OFFICE,

                Defendant.

---

**ORDER DENYING PLAINTIFF'S REQUEST TO WAIVE INITIAL PARTIAL FILING FEE (DKT. NO. 10)**

---

Demetrius Blakes is an inmate at the Milwaukee County Jail, and is representing himself. When he filed this 42 U.S.C. §1983 lawsuit, he also filed a motion to proceed without prepaying the filing fee. Dkt. No. 2. Before the court will allow an inmate to proceed without prepaying the filing fee, he first must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). On January 25, 2019, Judge Joseph issued an order assessing an initial partial filing fee of $22.15 and ordering the plaintiff to pay it by February 19, 2019. Dkt. No. 5. A week before that deadline, the court received from the plaintiff another motion for leave to proceed without prepaying the filing fee. Dkt. No. 7. This second motion said that the plaintiff was "fundless currently." Id. at 2. Along with that motion, he filed his inmate trust account statement for September 12, 2018 through November 5, 2018. Dkt. No. 8.

On March 18, 2019, the court issued an order requiring the plaintiff to pay the fee by the end of the day on March 29, 2019, or to explain why he

1

couldn't do so. Dkt. No. 9. Instead of paying the fee, the plaintiff submitted a letter stating that he "[couldn't] come up with" the money. Dkt. No. 10. He said that he had been trying to come up with the money, but that it had been hard for him because his family hadn't been sending any money. He said he "send" a copy of his trust account statement—the court assumes he was referring to the trust account statement he filed in February, because he didn't send a new trust account statement with the March 28 letter. He said that he did not want the court to dismiss his case. Id.

A court may not dismiss the lawsuit of a prisoner who lacks the ability to pay an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). "But if the court finds that the prisoner is unable to pay the partial filing fee at the time of collection because he intentionally depleted his account to avoid payment, the court in its sound discretion may dismiss the action." Thomas v. Butts, 745 F.3d 309, 312 (7th Cir. 2014) (citations and internal quotation omitted).

Since he filed his lawsuit on January 18, 2019, the plaintiff has filed two trust account statements. The court received the first one the day the plaintiff filed his case; that statement covers September 12, 2018 through January 7, 2019. Dkt. No. 3. The second one, which the court received in February, covers only September 12, 2018 through November 5, 2018, but it shows the same information for that period that the first statement showed. The record shows

that the plaintiff received deposits of $458.21 during that time, and that he spent almost all that money on phone cards and commissary. There are a couple deductions for medical costs. Dkt. No. 3 at 2. But almost every other deduction is from the commissary or from phone calls. Id. at 1–2.

It is true that the deposits slowed down in the month or so before the plaintiff filed his lawsuit—while he received a $250 in October and $100 in November of 2018, he received only $15 in December. But the plaintiff's complaint says that the events for which he wants to sue took place on October 7, 2018. Between that date and the date he filed his complaint, the plaintiff received deposits of $165. He did not save any of that money for an initial partial filing fee.

The Court of Appeals for the Seventh Circuit has held that "[i]t is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when 'the prisoner has no assets and no means by which to pay the initial partial filing fee.' A prisoner with periodic income has 'means' even when he lacks 'assets.'" Newlin v. Helman, 123 F.3d 429, 435 (7th Cir. 1997) (rev'd on other grounds Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000)).

Under this standard, the plaintiff is not eligible for waiver of the initial partial filing fee; he had money he could have used to pay it, but he chose to use that money for phone calls and commissary. The plaintiff has two options: (1) he can ask the court to voluntarily dismiss the lawsuit, and can refile it later (as long as it isn't barred by the relevant statutes of limitations), or (2) he

can pay the $22.15 initial partial filing fee. If the plaintiff wants to continue the case, he must pay the initial partial filing fee by the deadline the court sets below. If the court does not receive the $22.15 or a request to voluntarily dismiss the case by the deadline below, the court will dismiss the plaintiff's case on the next business day without further notice or hearing.

The court **ORDERS** that by the end of the day on **Friday, August 23, 2019**, the plaintiff must pay the initial partial filing fee of $22.15. If the court does not receive $22.15 from the plaintiff by the end of the day on Friday, August 23, 2019, the court will dismiss the case without prejudice for the plaintiff's failure to pay it.

The court **ORDERS** that if the plaintiff wants to voluntarily dismiss the case, he may send the court a letter asking it to do so, or he can simply take no action.

Dated in Milwaukee, Wisconsin, this 26th day of July, 2019.

                                           **BY THE COURT**

                                           **HON. PAMELA PEPPER**
                                           **United States District Judge**