UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEMETRIUS BLAKES,

      Plaintiff,

v.              Case No. 19-cv-109-pp

MILWAUKEE COUNTY SHERIFF OFFICE,

      Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING AS MOOT SECOND MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 7) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

  Demetrius Blakes, an inmate at Dodge Correctional Institution who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his rights were violated when an officer used force against him while the plaintiff an inmate at the Milwaukee County Jail. Dkt. No. 1. This decision resolves the plaintiff's motions for leave to proceed without prepaying the filing fee, dkt. nos. 2, 7, screens his complaint, dkt. no. 1, and substitutes Officer Kentrell for the Milwaukee County Sheriff's Office.

**I. Motions for Leave to Proceed without Prepaying the Filing Fee (Dkt. Nos. 2, 7)**

  The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to let a prisoner plaintiff proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

When the plaintiff filed his complaint, he also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. On January 18, 2019, Magistrate Judge Nancy Joseph, then presiding over the case, ordered the plaintiff to pay an initial partial filing fee of $22.15. Dkt. No. 4. After the case was reassigned to Judge Pepper, the plaintiff filed another motion for leave to proceed without prepaying the filing fee. Dkt. No. 7. This second motion was unnecessary, but nonetheless, Judge Pepper gave the plaintiff an extension of time to pay the fee. Dkt. No. 9. The plaintiff then asked to waive the fee, dkt. no. 10, but the court denied that request and again extended his deadline to pay, dkt. no. 11. The court received the $22.15 initial partial filing fee on August 21, 2019.

The court will grant the plaintiff's first motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and deny as moot the plaintiff's second (and unnecessary) motion to proceed without prepaying the filing fee, dkt. no. 7. The court will require the plaintiff to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The plaintiff alleges that on October 7, 2018, he was an inmate at the Milwaukee County Jail.[1] Dkt. No. 1 at 2. He says that around 12:00 a.m., C.E.R.T. (Correctional Emergency Response Team) Officer Kentrell approached the plaintiff's cell with others and asked the plaintiff to step out and to face the wall. Id. The plaintiff says that he followed orders as directed, but that as he was faced against the wall, Kentrell slammed the plaintiff's face into the wall, causing a laceration above the plaintiff's right eye, which required medical treatment. Id. at 2-3. The plaintiff went to Froedtert Hospital and received six stitches. Id. at 3.

He is seeking both compensatory and punitive damages based on the incident. Id. at 4.

C.  Analysis

The plaintiff named one defendant—the "Milwaukee County Sheriff Office." Id. at 1. But the plaintiff cannot sue the sheriff's department under §1983. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Milwaukee County Sheriff's Office is not a person, or an independent legal entity—it is an organization, not an individual subject to suit under §1983. Johnson v. Racine Cty. Jail, No. 15-CV-1291-pp, 2016 WL 482031, at *3 (E.D. Wis. Feb. 5, 2016); see also Powell v. Cook Cty. Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993).

Under Wisconsin law, the sheriff's department is an arm of the county. See Abraham v. Piechowski, 13 F. Supp. 2d 870, 877–879 (E.D. Wis. 1998).

---

[1] The plaintiff says he was an inmate at the "Milwaukee Criminal Justice Facility," but the Department of Corrections inmate locator shows that prior to October 14, 2019, the plaintiff was in the Milwaukee County Jail. https://appsdoc.wi.gov/lop/detail.do.

4

This means that the "Sheriff's Department is not a legal entity separable from the county government which it serves . . . " Whiting v. Marathon Cty. Sheriff's Department, 382 F.3d 700, 704 (7th Cir. 2004). A plaintiff cannot sue a sheriff's department under §1983, and the court must dismiss the Milwaukee County Sheriff's Office as a defendant.

The court will substitute Officer Kentrell as a defendant. Though the plaintiff did not name Kentrell in the caption of the complaint, the court has the authority to construe unrepresented litigants' complaints as naming defendants "who are mentioned only in the body of the complaint." See Donald v. Cook Cty. Sheriff's Dept., 95 F.3d 548, 559 (7th Cir. 1996). The only allegations the plaintiff makes are against Kentrell, and the plaintiff explicitly states that he is "seeking damages from C.O. Kentrell." Dkt. No. 1 at 3.

The plaintiff does not say whether he was a pretrial detainee or a convicted inmate at the time of the events he describes. While the standard for excessive force claims used to be the same regardless of whether a plaintiff was in custody before or after conviction, that changed in 2015 when the United States Supreme Court decided Kingsley v. Hendrickson, 576 U.S. 389, 135 S.Ct. 2466, 2473 (2015). In Kingsley, the Supreme Court held that the Due Process Clause requires that "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively reasonable." Id. This contrasts with the Eighth Amendment standard, which requires that a plaintiff show that the force was used maliciously or sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. Wilkins v. Gaddy, 599 U.S. 34, 37 (2010).

The court does not need to determine, at this early stage, which standard applies to the plaintiff, because he has stated a claim under either one. The

5

plaintiff has alleged that even though he did exactly as Kentrell ordered him to do—came out of his cell and faced the wall—Kentrell slammed the plaintiff's head into the wall. Slamming someone's head into a wall without provocation is objectively unreasonable under the Fourteenth Amendment standard, and it can hardly be described as a good-faith effort to maintain or restore discipline. The court will allow the plaintiff to proceed on an excessive force claim against Kentrell.

### III. Conclusion

The court **GRANTS** the plaintiff's first motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES AS MOOT** the plaintiff's second motion to proceed without prepaying the filing fee. Dkt. No. 7.

The court **DISMISSES** the Milwaukee County Sheriff's Office as a defendant. The court **SUBSTITUTES** Officer Kentrell as a defendant and **DIRECTS** the Clerk of Court to add him as a party.

Under an informal service agreement between Milwaukee County and this court, a copy of the complaint and this order have been electronically transmitted to Milwaukee County for service on defendant Officer Kentrell. The court **ORDERS** defendant Kentrell to file a responsive pleading to the complaint within 60 days.

The court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the **$327.85** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2).

6

The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

The court will issue a separate order **REFERRING** this case to Magistrate Judge Nancy Joseph for pretrial proceedings.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders

or other information not being timely delivered, which could affect the legal rights of the parties.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 29th day of October, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**