UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEMETRIUS BLAKES,

        Plaintiff,

v.

        Case No. 19-cv-109-pp

OFFICER KENTRELL,

        Defendant.

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 18)**

On January 5, 2021, the court issued a text-only order granting Milwaukee County Corporation Counsel's (Milwaukee County) motion for an extension of time to accept or reject service (until January 18, 2021) and for an extension of time to file an answer to the plaintiff's complaint (until February 1, 2021). Dkt. No. 16. The court issued that order the day after Milwaukee County filed the motion (dkt. no. 15), so the plaintiff did not have a chance to respond. Eight days after the court issued the text-only order, the court received from the plaintiff an objection to Milwaukee County's request for an extension of time; he stated that Milwaukee County had not shown excusable neglect for missing the answer deadline. Dkt. No. 17. The plaintiff filed a separate motion for default judgment based on the defendant's alleged failure to timely answer the complaint. Dkt. No. 18.

The original deadline for the defendant to respond to the complaint was December 28, 2020. Dkt. No. 13 at 6. One week after that deadline, Milwaukee County filed its motion for an extension of time to accept or reject service and

1

to extend the time to file answer. Dkt. No. 15. Milwaukee County filed the motion under Federal Rule of Civil Procedure 6(b)(1)(B) and explained that, after reviewing the screening order, it sought outside counsel to defend the case due to the workload of the Office of Corporation Counsel. Id. at 1. Milwaukee County stated that its counsel's workload was "exceptionally congested" in November and December 2020; the motion included specific case deadlines, described counsel's supervisory responsibilities and other professional obligations, discussed COVID-19-related issues and described screening and interviewing candidates to fill two Assistant Corporation Counsel positions. Id. at 1-2. Milwaukee County explained that due to this workload, efforts did not progress to obtain outside counsel although it was assumed that outside counsel would be handling the case. Id. at 3. After learning that a responsive pleading had not been filed in this case, counsel filed the motion for the extension of time based on excusable neglect. Id.

Milwaukee County asserted that excusable neglect existed, and that the plaintiff would not be prejudiced by the court extending the deadlines because the court only recently had screened the case. Id. The plaintiff argued that excessive workload did not constitute excusable neglect. Dkt. No. 17.

The court may, for good cause, extend the time to act within a specified time, on motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Raymond v. Ameritech Corp., 442 F.3d 600, 606 (7th Cir. 2006) (quoting Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993)). In determining whether there was "excusable neglect," the court should consider all relevant

circumstances surrounding the party's neglect, including the prejudice to the non-movant, length of delay and reason for delay. Bowman v. Korte, 962 F.3d 995, 998 (7th Cir. 2020) (quoting Pioneer, 507 U.S. at 395).

Milwaukee County has provided an extensive explanation of why it missed the deadline. The court has many cases involving Milwaukee County; it is not in the habit of missing deadlines. The workload counsel recounted, as well as the fact that a third party—outside counsel—was involved, explains the missed deadline; the fact that the defendant filed the motion only a week after the deadline had passed demonstrates that counsel acted promptly upon learning of the missed deadline. A delay of a week will not prejudice the plaintiff in a case that will take months to litigate, even if it moves quickly. The court will not change its decision granting Milwaukee County's motions for extension of time. This determination renders the plaintiff's motion for default judgment moot because the defendant's answer was not due until February 1, 2021.

The court **DENIES AS MOOT** the plaintiff's motion for default judgment. Dkt. No. 18.

Dated in Milwaukee, Wisconsin this 3rd day of February, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

3

Case 2:19-cv-00109-PP   Filed 02/03/21   Page 3 of 3   Document 22