UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEMETRIUS BLAKES,

          Plaintiff,

v.                                       Case No. 19-cv-109-pp

OFFICER KENTRELL,

          Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL (DKT. NO. 27) AND DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 33)**

      Plaintiff Demetrius Blakes, who is confined at the Dodge Correctional Institution and who is representing himself, filed a civil rights complaint alleging violations of his constitutional rights. Dkt. No. 1. The court screened the complaint and allowed the plaintiff to proceed on an excessive force claim under the Fourteenth or Eighth Amendment against Officer Kentrell based on allegations that Kentrell slammed the plaintiff's head into a wall without provocation when the plaintiff was confined at the Milwaukee County Jail. Dkt. No. 13 at 5-6. The defendant has filed a motion to compel discovery responses, dkt. no. 27, and the plaintiff has filed a motion to appoint counsel, dkt. no. 33.

      In support of his motion to compel discovery responses, the defendant states that the plaintiff has not answered the defendant's First Set of Written Interrogatories and Requests for Production of Documents, despite repeated requests that he do so. Dkt. No. 28 at 1-2. The defendant moves for an order to

1

compel the plaintiff to answer his discovery requests, which includes returning signed authorizations. Id. at 2.

In response to the defendant's motion, the plaintiff filed a letter to the court stating that he could not find a lawyer and requesting that the court find him one. Dkt. No. 33. The plaintiff attached to his letter several authorizations that he had signed. Dkt. No. 33-1 at 1-4. Separately, the plaintiff filed additional authorization forms. Dkt. No. 32.

The defendant filed a reply requesting that the court grant his motion to compel because the plaintiff had failed to answer the defendant's First Set of Written Interrogatories and Request for Production of Documents and had failed to sign all the authorizations the defendant had sent him. Dkt. No. 34 at 2.

The court will grant the defendant's motion to compel the plaintiff to answer the defendant's First Set of Written Interrogatories and Request for Production of Documents. The plaintiff should respond to these discovery requests in time for the defendant's lawyer to receive his responses by the end of the day on **December 31, 2021**. The plaintiff should send responses to the defendant's discovery requests to ***the defendant's lawyer***; the plaintiff ***should not*** file his responses with the court. Because it appears that the plaintiff has signed (and filed with the court) all the requested authorizations, the court will not order the plaintiff to sign any authorizations. See Dkt. Nos. 33-1, 32.

Regarding the plaintiff's motion to appoint counsel: In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to

2

hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chicago Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong,

the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff has not satisfied the first requirement; he has not demonstrated to the court that he has made a reasonable attempt to find a lawyer on his own. Even if he had, the plaintiff is proceeding on a straightforward excessive force claim against one defendant. In the complaint, the plaintiff described in detail the incident giving rise to his excessive force claim. This case is in the discovery phase. "Discovery" is a process that allows the parties to collect information about the issues in the case by serving on each other written questions (interrogatories) and requests for documents. A person does not need to be trained in the law, or know how to do legal

4

research, to ask or truthfully answer questions or to ask for documents. The plaintiff's filings so far demonstrate that he can ask the defendant for information through written questions and requests for documents.

After the discovery phase comes the dispositive motion phase. Dispositive motions typically are motions for summary judgment. In a summary judgment motion a party will ask the court to dismiss the case because it believes there are no genuine disputes of material fact and the party is entitled to judgment as a matter of law. If the defendant files a motion for summary judgment, the plaintiff does not need to be trained in the law to respond to the motion, nor does he need to contact experts. Whether a court grants or denies summary judgment depends on whether there are one or more genuine disputes of material fact. The plaintiff clearly knows the facts of his case. The court is familiar with the law and, if there is a summary judgment motion, it will not need the plaintiff to explain the legal basis of his claims. Instead, it will need the plaintiff to explain which of the defendant's facts the plaintiff disputes and why. The plaintiff's filings to date indicate that he can participate in discovery and respond to a summary judgment motion to tell his side of the story.

The court **GRANTS** the defendant's motion to compel. Dkt. No. 27. The plaintiff shall respond to the defendant's First Set of Written Interrogatories and Request for Production of Documents by serving the discovery on the defendant's lawyer in time for the lawyer to receive them by the end of the day on **December 31, 2021**. The plaintiff must mail his responses to the defendant's lawyer.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 33.

Dated in Milwaukee, Wisconsin this 7th day of December, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**